1  RONALD F. FRANK (SBN 109076)        NOTE CHANGES MADE BY THE COURT
   E-mail:  rfrank@bwslaw.com
2  ALLISON G. VASQUEZ (SBN 220010)
   E-mail:  avasquez@bwslaw.com
3  BURKE, WILLIAMS & SORENSEN, LLP
   444 South Flower Street, Suite 2400
4  Los Angeles, CA  90071-2953
   Tel:  213.236.0600      Fax:  213.236.2700
5
6  Attorneys for Defendants City of Hemet,
   Nelson Gould and Jonathan Montoya
7

8                UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10

11  JUSTIN BRYAN, JORDAN BRYAN        Case No.  CV 11-10690 SJO (DTBx)
    MARY PARR, individually and as
12  successors in interest to Jerry Bryan,   [PROPOSED] STIPULATED
                                      CONFIDENTIALITY
13               Plaintiffs,          AGREEMENT AND
                                      PROTECTIVE ORDER
14  vs.

15  CITY OF HEMET, a local public entity,
    and DOES 1 - 10,
16                                    Action Filed:      December 27, 2011
                 Defendants.
17                                    Trial:             January 29, 2013

18

19

20        Pursuant to the agreement between the parties to this action, Plaintiffs Justin

21  Bryan and Jordan Bryan ("Plaintiffs") and Defendants City of Hemet, Nelson

22  Gould, and Jonathan Montoya ("Defendants"), (Plaintiffs and Defendants are

23  collectively referred to as "Parties" and individually as "Party"), and the approval

24  of this Court, this Confidentiality Agreement and Protective Order ("Protective

25  Order") shall govern the production of certain documents, materials or information

26  produced by Plaintiffs, Defendant and third parties (collectively "the Producing

27  Parties" or individually "the Producing Party").

28        The information/items governed by this Protective Order are:

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4817-3683-4832 v2

- 1 -                          CV 11-10690 SJO (DTBx)

1.      Certain documents produced by the Producing Parties during discovery in this litigation which contain private and confidential information pertaining to Plaintiffs, Defendants and non-parties.   These documents are hereinafter referred to as the "Confidential Material" which is the subject of the Protective Order and shall include, but is not limited to the following records: Hemet Police Department policies, logs, 911 calls, reports, radio calls, documents related to 2010 arrest of decedent Jerry Bryan and documents related to decedent Jerry Bryan's mental health, criminal investigation files, including audio recordings, photographs and all other investigatory documents subject to the official information privilege which have been maintained with an expectation of confidentiality; and the medical, psychological or mental healthcare records of non-party third persons.  Such designation will not apply to any material which has been made public, or which is accessible by the public.

2.      This Protective Order shall protect from unauthorized disclosure documents, things, or other information (Confidential Material as defined in paragraph 1, above) produced by the Parties in this action or obtained during discovery from third parties.  In an effort to maintain the confidentiality of the information, the following terms shall apply:

3.      Confidential Material shall be classified as confidential by stamping/watermarking copies with "CONFIDENTIAL" in a manner that will not obscure the content of the document.  Stamping "CONFIDENTIAL" on the cover of a multiple page document shall classify all pages of the document as confidential, unless otherwise indicated by the Parties.  Other unambiguous written notice that material is being classified as Confidential shall also be sufficient.

4.      Immediately upon production of the Confidential Material, counsel shall personally secure and maintain said material in counsel's possession.  Counsel shall not cause or knowingly permit disclosure to any person or entity of the contents of the Confidential Material in any manner, including orally, any statement

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4817-3683-4832 v2                                                    CV 11-10690 SJO (DTBx)

of information, or portions thereof, beyond the disclosure permitted under the terms and conditions of this Protective Order.

5.    The Confidential Material shall be used only for the purpose of the prosecution, including any appeal, and settlement of this action.  No person to whom Confidential Material is disclosed shall cause or permit it to be used for any other purpose.

6.    All copies, summaries, abstracts, notes, extracts of the contents of, or other documents derived from the Confidential Material are protected under this Protective Order, and shall be treated in the manner set forth in Paragraph No. 8 below.

7.    Production of Confidential Material shall be made solely to Plaintiffs' counsel and counsel for Defendants, in this action.  No counsel may disseminate the information to any person or entity, for any purpose, absent a prior court Protective Order, except that Confidential Material may be provided to:

    (a)    Staff personnel employed by counsel for any Party;

    (b)    The Court and its personnel, in connection with this litigation;

    (c)    Experts or consultants retained to work on this case by counsel for any Party to this case;

    (d)    Investigators retained by counsel for any Party to this case; and

    (e)    Non-party witnesses only in connection with the deposition of that non-party witness as described below.

The Parties may review their own witness statements even if these statements are deemed to be Confidential Material.  Additionally, a non-party witness may be provided with Confidential Material that is part of any deposition transcript for the deposition of that non-party witness for purposes of reviewing the deposition testimony and/or making changes to the deposition testimony.  The non-party witness must promptly return all Confidential Material to Plaintiffs' counsel and/or counsel for Defendants, as indicated at the deposition of the non-party witness, after

- 2 -

the non-party witness completes his or her review and makes his or her changes. The non-party witness may not keep any copies of the Confidential Material.

8.    In the event that counsel finds it necessary to employ such experts and/or investigators, prior to the disclosure of any Confidential Material, counsel shall first cause the substance of this Protective Order to be communicated to any such person and provide him or her with a copy of this Protective Order and shall cause him or her to execute, on a second copy, which counsel shall thereafter serve on counsel for the other Party within ten (10) days the following acknowledgment:

"I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered into in this action and am bound by the terms and conditions of said Protective Order with respect to the handling, use and disclosure of the Confidential Material.  I hereby consent to the jurisdiction of said Court for purposes of enforcing this nondisclosure Protective Order.

Dated: _____, _____/s/_____"

All Parties agree that if a person is provided with Confidential Material and should that person's identity become disclosed via their execution of the confidentiality provision of this Protective Order, and said person is not designated as an expert in this matter, the other side(s) agrees not to contact or seek records from said person.

9.    If Confidential Material is used, directly or indirectly, in any depositions taken, the confidential portions of the transcript of the deposition, and all copies thereof shall be stamped "CONFIDENTIAL" and shall be sealed pursuant to this Protective Order.  Any such testimony referring or relating or retelling the events disclosed in the protected documents shall be taken under seal. A copy of this Protective Order shall be attached as an exhibit to said deposition

transcript and the court reporter shall be subject to said Protective Order and precluded from providing the original deposition transcript or portions thereof, any copies thereof, or portions of copies thereof, to any persons or entities other than counsel of record in the instant action.  Furthermore, any confidential portions of an audiotape and/or videotape of said deposition shall be sealed pursuant to this Protective Order.  A copy of this Protective Order shall be attached as an exhibit to said audiotape/videotape and the court videographer shall be subject to said Protective Order and precluded from providing the original deposition videotape or portions thereof, any copies thereof, or portions of copies thereof, to any persons or entities other than counsel of record in the instant action.  Any audiotape shall similarly be subject to this Protective Order and all persons shall be precluded from producing the original deposition audiotape or portions thereof, any copies thereof, or portions of copies thereof, to any persons or entities other than counsel of record in the instant litigation.

10.   In addition, anyone other than the Parties and the following persons shall be precluded from attending the deposition using Confidential Material: Counsel of record in this action, the court reporter, and the court videographer, if any, and any expert witnesses who have previously agreed to be bound by the instant Stipulation for a Protective Order.  Those attending the deposition using Confidential Material shall not disclose to any person or entity, in any manner, including orally, any statements made by the deponent during the course of said deposition and any such disclosure shall be construed as a violation of this Protective Order.

11.   If any counsel is served with a subpoena or other request seeking Confidential Material, counsel shall immediately give written notice to counsel for the Party producing the Confidential Material, identifying the Confidential Material sought and the time in which production or other disclosure is required; and, object to the request or subpoena on the grounds of this Protective Order, to afford the

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4817-3683-4832 v2

CV 11-10690 SJO (DTBx)

Party an opportunity to obtain a Protective Order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Confidential Material.  In no event shall production or disclosure be made without written approval by the counsel for the Party producing the Confidential Material, unless required by Court Protective Order.  Nothing in the Protective Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

12.    Any pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions (collectively, "Papers") filed by counsel with the Court, which contain, incorporate or refer to Confidential Material, shall be accompanied by an application to file the papers under seal, absent further Protective Order of this Court.  Pending a ruling on the application, the Papers that are the subject of the application shall be lodged under seal.  Any motion challenging a designation brought pursuant to this paragraph will be made in strict compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).

13.    Counsel for any Party may request that any motions, applications or other pre-trial proceedings, which could entail the discussion or disclosure of Confidential Material, be heard by the court outside the presence of the jury or in a closed courtroom.  If no request is made by counsel, opposing counsel may reveal confidential information in the courtroom, without violating this Protective Order. In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information that has been designated as "Confidential" or "Attorneys' Eyes Only," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed.  For motions, the Parties should file a redacted version of the motion and supporting papers.  Neither the fact that counsel have stipulated to an under seal filing nor the fact that a proposed filing contains information that one

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4817-3683-4832 v2

CV 11-10690 SJO (DTBx)

of the Parties elected to designate as "Confidential" or "Attorneys' Eyes Only" in accordance with the terms of the protective order is sufficient in itself for the Court to find that good cause exists to file the papers or the portion containing the designated information under seal.  At the very least, the Parties will need to convince the Court in their application that protection clearly is warranted for the designated information or documents.  For declarations with exhibits, this means making the requisite showing on an exhibit by exhibit basis.

14.     Nothing herein shall prejudice a Party's rights to object to the introduction of any Confidential Material into evidence, on grounds, including, but not limited to, relevance and privilege.

15.     Within thirty (30) days following the termination of the instant action or any appellate proceedings relating thereto, all of the above-referenced Confidential Material, and all copies or documents derived from the Confidential Material, in the possession, custody, or control of counsel and any other person to whom counsel provided the Confidential Material, shall be returned to the Party producing the Confidential Material.  The Parties respectively agree to bear the costs associated with retrieval and destruction of the Confidential Material.

16.     This Protective Order shall survive the termination of this action, and the court retains jurisdiction to resolve any dispute concerning the use or disclosure of the Confidential Material disclosed pursuant to this Protective Order.

17.     This Protective Order applies to Confidential Material disclosed or to be used in this matter entitled, *JUSTIN BRYAN, JORDAN BRYAN, MARY PARR, individually and as successors in interest to Jerry Bryan, vs. CITY OF HEMET, et. al*, Case No. CV 11-10690 SJO (DTBx).

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4817-3683-4832 v2                                        CV 11-10690 SJO (DTBx)

1    18.    Nothing in this Protective Order is intended to prevent officials or
2  employees of the Hemet Police Department, individual Hemet Police Officers, or
3  other authorized individuals from having access to Confidential Material or
4  information to which they would have access in the normal course of their duties.
5  **ALL APPLICATIONS TO FILE UNDER SEAL MUST BE IN**
6  **COMPLIANCE WITH THIS COURT'S STANDING ORDER.**
7
8    It is SO ORDERED this 7th day of September 2012.
9
10
11    _____
12    THE HONORABLE S. JAMES OTERO
      UNITED STATES DISTRICT JUDGE
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4817-3683-4832 v2

CV 11-10690 SJO (DTBx)